UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURIE M. PENNISON** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **THE FRESH MARKET, INC. AND EREP NORTHLAKE 1, LLC A/K/A EPIC REAL ESTATE PARTNERS** | **MAGISTRATE** |

### NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes, EREP NORTHLAKE I, LLC (incorrectly named as "EREP NORTHLAKE 1, LLC a/k/a EPIC REAL ESTATE PARTNERS"), who pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, file this Notice of Removal of this cause to the United States District Court for the Eastern District of Louisiana, from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and in support of said Notice offers the following:

1. Plaintiff filed her Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, on June 4, 2020, bearing Docket No. 202012357. The complaint alleges injuries as a result of a May 10, 2019 fall outside of Fresh Market, a grocery store located in Mandeville, Louisiana, Parish of St. Tammany.[1]

2. Plaintiff names as defendants: (1) THE FRESH MARKET, INC. ("FRESH MARKET"); and (2) EREP NORTHLAKE I, LLC (incorrectly named as "EREP NORTHLAKE 1, LLC a/k/a EPIC REAL ESTATE PARTNERS")("EREP").[2]

---

[1] *See* Petition for Damages, marked and attached as Exhibit 1.
[2] *See* Exhibit 1, first unnumbered paragraph.

Plaintiff correctly alleges that both FRESH MARKET and EREP are foreign entities. FRESH MARKET is a foreign corporation, formed under the laws of the State of Delaware, with its principal place of business in Greensboro, North Carolina.[3] EREP is a foreign limited liability company, formed under the laws of the State of Delaware, with its principal place of business in Austin, Texas.  Consequently, diversity of citizenship as defined by 28 U.S.C. §§ 1332(a) exists.

3.      According to the petition, Plaintiff tripped and fell in the parking lot "as she was preparing to step up to the curb," and as a result of her fall, Plaintiff "injured her knees, left wrist, and both shoulders."  Plaintiff further alleges that she had shoulder surgery as a result of her fall, and that she has "suffered serious physical and mental injuries as well as inconvenience, entitling her to recover damages from the Defendants including but not limited to: a) Past and future mental pain and suffering; b) Past and future physical pain and suffering; c) Past and future medical expenses; d) Past and future inconvenience; e) Past and future loss of income; f) Lost wages; g) Loss of earning capacity; h) Permanent disability; and i) All damages allowed pursuant to Louisiana law which may be proven at the trial of this matter."[4]

4.      Pursuant to Louisiana Code of Civil Procedure article 893, Plaintiff is required to specifically state whether the claim exceeds or fails to meet the jurisdictional limit for federal court.  No such allegations are contained in Plaintiff's Petition for Damages.

5.      On July 6, 2020 EREP filed an Exception of Vagueness and Ambiguity, and Nonconformity of Petition noting the deficiency in Plaintiff's pleadings, and requesting that plaintiff cure the defect by indicating whether or not her damages exceed or are less than the threshold amount for removal to federal court based on diversity of citizenship.[5]

---

[3] *See* Fresh Market's Consent to Removal and Confirmation of Foreign Citizenship, marked and attached as Exhibit 2.
[4] *See* Exhibit 1, paragraphs 1, 2, and 8.
[5] *See* Exception of Vagueness and Ambiguity, and Nonconformity of Petition, marked and attached as Exhibit 3.

7.     Hearing on the exception was originally set for October 1, 2020, but was continued, as Plaintiff (acting as her own counsel) was unable to attend due to unforeseen complications as a result of a recent surgery.  Hearing on the exceptions was re-set for the next available setting of November 5, 2020.[6]

8.     Prior to the November 5, 2020, Plaintiff filed an Amended Petition for Damages alleging "that the damages suffered by her exceed $75,000.00 which is the jurisdictional limit for federal court."[7]  Considering the foregoing, defendant submits that diversity jurisdiction exists and this Honorable Court has original jurisdiction over this matter.

9.     While 28 U.S.C. §§ 1441(a) provides in part that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant, 28 U.S.C. §§ 1441(b) provides for removal of cases based on diversity of citizenship under 28 U.S.C. §§ 1332(a).

10.    Whether or not the case was removable was not ascertainable on the face of the pleadings.  In response to the filing of defendant's exception to address this issue, Plaintiff has filed a First Supplemental and Amending Petition for Damages stating that her damages exceed $75,000.00.[8]    Hence, defendant's removal notice is filed in compliance with 28 U.S.C. § 1446(b)(3).[9]

---

[6] *See* Notice of Hearing that Exception of Vagueness and Ambiguity and Nonconformity of Petition was set for hearing for October 1, 2020, Uncontested Motion and Order to Continue and Reset Hearing, and Notice of Hearing for November 5, 2020, marked and attached as Exhibit 4, in globo.
[7] *See* First Supplemental and Amending Petition for Damages, marked and attached as Exhibit 5.
[8] *See* Exhibit 5.
[9] Exception of Vagueness and Ambiguity, and Nonconformity of Petition was filed on July 6, 2020 on behalf of EREP.  Plaintiff filed her First Amended Petition alleging her claim exceeded the threshold for diversity jurisdiction on November 2, 2020.

11. Notice of this removal has been made to all adverse parties and to the 22nd Judicial District Court for the Parish of St. Tammany by the filing of a notice pursuant to 28 U.S.C. § 1446(d).

12. All defendants consent to the removal of this matter.[10]

13. Pursuant to 28 U.S.C. § 1446(a), attached are the only pleadings filed of record: (1) original Petition for Damages;[11] (2) Exception of Vagueness and Ambiguity, and Nonconformity of Petition filed on behalf of EREP;[12] (3) Answer filed on behalf of Fresh Market;[13] (4) Notice of Hearing (October 1, 2020), Uncontested Motion and Order to Continue and Reset Hearing on exception, Notice of Hearing (November 5, 2020);[14] (5) Plaintiff's First Supplemental and Amending Petition for Damages;[15] and Consent to Removal and Confirmation of Foreign Citizenship by The Fresh Market, Inc.[16]

WHEREFORE, Defendant, EREP NORTHLAKE I, LLC (incorrectly named as "EREP NORTHLAKE 1, LLC a/k/a EPIC REAL ESTATE PARTNERS"), files its Notice of Removal removing this cause of action from the 22nd Judicial District Court for the Parish of St. Tammany to the United States District Court for the Eastern District of Louisiana.

THIS SPACE INTENTIONALLY LEFT BLANK
SIGNATURE BLOCK ON FOLLOWING PAGE

---

[10] *See* Exhibit 2.
[11] *See* Exhibit 1.
[12] *See* Exhibit 3.
[13] *See* Exhibit 6.
[14] *See* Exhibit 4.
[15] *See* Exhibit 5.
[16] *See* Exhibit 2.

Respectfully submitted,

  /s/ Matthew A. Ehrlicher
**MATTHEW A. EHRLICHER, #22352**
Maricle & Associates
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
Telephone:  (985) 727-5026
Facsimile:  (888) 341-6954
Email: mehrlich@travelers.com
*Attorney for Defendant,*
*EREP Northlake I, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 20th day of November, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Laurie Pennison (Plaintiff, serving as her own counsel)

Brett Bollinger (counsel for Defendant, The Fresh Market, Inc.)

I also certify that I have forwarded *via* email this filing to the following:

Laurie Pennison at laurie@pennisonlaw.com (Plaintiff, serving as her own counsel)

Brett Bollinger at brett@ztlalaw.com (Defendant, The Fresh Market, Inc.)

  /s/ Matthew A. Ehrlicher
**MATTHEW A. EHRLICHER**